APPALONIA GERGENS, APPELLEE, v. WILLIAM F. GERGENS,
APPELLANT.

FILED APRIL 17, 1913.   No. 17,159.

Pleading: ANSWER: SUFFICIENCY. In an action for the recovery of
   money, an answer which clearly shows that the money sought to
   be recovered was not due and payable at the time the action was
   commenced is not vulnerable to a general demurrer.

APPEAL from the district court for Richardson county:
JOHN B. RAPER, JUDGE.   Reversed.

Reavis & Reavis, for appellant.

Edwin Falloon, S. P. Davidson and Roscoe Anderson,
contra.

BARNES, J.

Action to recover the purchase price of certain lots in
the city of Humboldt, alleged to have been sold by plain-
tiff to the defendant. From a judgment in plaintiff's
favor, the defendant has appealed.

The plaintiff, by her petition in the district court, al-
leged, in substance, that on or about the 12th day of Sep-
tember, 1906, she sold and conveyed to the defendant, at
his request, and to that end made, executed and delivered
to the defendant a warranty deed to lots 3 and 4, in block
19, in Tinker's and King's addition to the city of Hum-
boldt, Richardson county, state of Nebraska, for and in
consideration of $500, no part of which has been paid;
that there is now due from the defendant to plaintiff on
said purchase price of the property above described the
sum of $500, for which, with interest from the 12th day of
September, 1906, at the legal rate, she prayed judgment,
together with the costs of this action. To this petition
the defendant filed the following answer:

"Comes now the defendant, and for answer to the peti-
tion of plaintiff denies each and every allegation of fact

therein contained, except as hereinafter specifically admitted. Defendant admits that plaintiff sold and conveyed to this defendant the land described in the petition of the plaintiff. Defendant further alleges the fact to be that he took said land and accepted the deed thereto at the special instance and request of said plaintiff for the consideration of $500, but alleges the fact to be that, by virtue of an oral contract entered into between the parties for the sale of said land, the said $500 was to be considered as an advancement to the defendant, who is a son of the plaintiff, out of her said estate, and that said $500 was to be deducted from his share of said estate, without interest, upon the death of said plaintiff and the settlement of said estate. The defendant denies that under and by virtue of said contract there is anything due to plaintiff on her action, and prays that he may be dismissed with his costs."

To this answer the plaintiff demurred upon the following grounds: First, a verbal agreement is incompetent and insufficient to establish an advancement. 'Second, the facts stated in the answer are insufficient to constitute a defense in this cause. The trial court sustained the demurrer upon the second ground, and rendered a judgment for the plaintiff for the amount claimed by her petition.

Appellant contends, among other things, that the court erred in sustaining the demurrer to his answer. It is argued that the plaintiff's petition did not state facts sufficient to constitute a cause of action, and, under the rule that a demurrer searches the entire record, it was the duty of the district court to dismiss the plaintiff's action for the insufficiency of her petition. Counsel for the plaintiff admit the existence of the rule above stated, but insist that the petition was sufficient to resist a demurrer. We deem it unnecessary to determine that question; for, as we view the record, the appeal should be disposed of upon defendant's contention that the answer was sufficient to constitute a defense to plaintiff's action. It is argued by counsel for the plaintiff that the facts alleged in the an-

swer were not sufficient in law to constitute an advancement of the consideration for the conveyance of the lots in question, and that she was entitled to recover the consideration in this action. We think it unnecessary to determine that question; for, as we view the answer, it stated facts sufficient to show that there was nothing due the plaintiff at the time this action was commenced. By her demurrer she admitted that the consideration for the lots in question was not to be paid until after her death and the settlement of her estate. Therefore, it was apparent that no action could be maintained to cover the purchase price of the lots, even if it be not considered as an advancement made to her son out of her estate, until after her death, and therefore the purchase price thereof would not be due either her or her estate until after her death; and, it having been shown by the pleading that she was alive at the time of the commencement of this action, we are unable to see how it can be said that the answer did not state a defense.

As we view the record, the district court erred in sustaining the demurrer to the defendant's answer. The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.

REESE, C. J., LETTON and SEDGWICK, JJ., concur.

ROSE, FAWCETT and HAMER, JJ., not sitting.